[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10684
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00053-RAL-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA MURILLO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jessica Murillo appeals her conviction for wire fraud affecting a financial

institution, in violation of 18 U.S.C. § 1343. On appeal, Murillo argues that: (1) the government failed to establish that a "financial institution" as defined in 18 U.S.C. § 20(1) was defrauded or otherwise affected by her conduct; and (2) her prosecution was barred by the 5-year statute of limitations applicable to wire fraud cases. After careful review, we affirm.

We review de novo a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds. United States v. Friske, 640 F.3d 1288, 1290 (11th Cir. 2011). We review the district court's interpretation and application of a statute of limitations de novo. United States v. Palomino Garcia, 606 F.3d 1317, 1322 (11th Cir. 2010).

First, we are unpersuaded by Murillos' argument that the government failed to establish that a "financial institution" was defrauded. In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor. Friske, 640 F.3d at 1290-91. A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt. Id. at 1291. The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn

2

from the evidence presented at trial. Id. When the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction. Id. Any arguments not "plainly and prominently" briefed are deemed abandoned on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

To sustain a conviction for a violation of 18 U.S.C. § 1343, the government must establish: (i) intentional participation in a scheme or artifice to defraud another of money or property, and (ii) use of wires for the purpose of executing the scheme or artifice. United States v. Ward, 486 F.3d 1212, 1222-23 (11th Cir. 2007). The mail and wire fraud statutes criminalize unexecuted as well as executed schemes, so proof that the victim actually relied on the misrepresentation or omission is not necessarily required. United States v. Bradley, 644 F.3d 1213, 1239 (11th Cir. 2011). Where a trial judge instructs a jury, without objection, that a certain element is required to convict, that element becomes necessary for a conviction under the "law of the case" doctrine. United States v. Spletzer, 535 F.2d 950, 954 (5th Cir. 1976).

A person convicted of violating § 1343 may be imprisoned up to 20 years, unless the violation "affects a financial institution," in which case the offender may be imprisoned up to 30 years. 18 U.S.C. § 1343. "Financial institution" is defined, in relevant part, as "an insured depository institution (as defined in [12 U.S.C. §

1813(c)(2)]).” 18 U.S.C. § 20(1). “Insured depository institution” is defined as “any bank or savings association the deposits of which are insured by the [FDIC].” 12 U.S.C. § 1813(c)(2). In the context of another criminal statute, 18 U.S.C. § 657, we have recognized that depleting the assets of a wholly-owned subsidiary reduces the value of its stock, and thus diminishes the parent’s assets. United States v. Cartwright, 632 F.2d 1290, 1292 (5th Cir. Unit A 1980).[1]

Here, the indictment charged Murillo with “Wire Fraud Affecting a Financial Institution,” and the district court instructed the jury that one of the elements of the crime was that “the scheme affected a financial institution.” Accordingly, in order to convict Murillo, the government was required to prove that the fraudulent scheme in which she engaged affected a financial institution. See Spletzer, 535 F.2d at 954. A reasonable trier of fact could have concluded that Murillo’s fraud affected a financial institution. The government elicited testimony that, as part of her loan application, Murillo acknowledged that the loan would be sold to a financial institution. The loan was later sold to Wells Fargo Home Mortgage Inc., a subsidiary of Wells Fargo Bank, which is FDIC-insured. Murillo defaulted on her loan, and a foreclosure action was instituted. The government also elicited testimony that late

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

mortgage payments to a subsidiary such as Wells Fargo Home Mortgage have an effect on the parent financial institution, i.e., Wells Fargo Bank, and that Murillo's arrears were owed to Wells Fargo Bank. Accordingly, the district court did not err when it denied Murillo's motion for judgment of acquittal.[2]

We also reject Murillo's claim that her prosecution was barred by the statute of limitations. The statute of limitations for a violation of 18 U.S.C. § 1343, if the offense "affects a financial institution," is 10 years after the commission of the offense. 18 U.S.C. § 3293(2). All other violations of § 1343 are subject to a 5-year statute of limitations. See 18 U.S.C. § 3282(a).

For the reasons discussed above, there was sufficient evidence for the jury to conclude that Murillo's fraud affected a financial institution. She was indicted less than 8 years after she committed the fraud, and well within the applicable 10-year statute of limitations. She has not cited any authority in support of her suggestion that an actual loss must have been suffered for the 10-year statute of limitations to apply, and neither § 1343 nor § 3293 contain any such requirement. See 18 U.S.C. §§ 1343, 3293(2).

**AFFIRMED.**

---

[2] In addition, Murillo has elaborated no arguments in support of her conclusory assertion that the government was required to prove that she "defrauded" a "financial institution." Therefore, this argument is deemed abandoned. See Jernigan, 341 F.3d at 1283 n.8.